### Kendall v. Hardebeck.

[No. 20,408.    Filed October 14, 1904.]

PLEADING.—*Complaint.*—*Agreement to Rescind Contract.*—Where plaintiff charges in his complaint that he purchased a horse from defendant, relying upon defendant's representations that the horse was "sound and all right," the defendant knowing the same to be untrue; that plaintiff upon discovery of the unsoundness returned the horse; that defendant accepted the horse and promised to repay the money, but now refuses to do so, the complaint states a cause of action. *p. 374.*

SAME.—*Demurrer to Answer.*—*Harmless Error.*—Sustaining a demurrer to a special paragraph of answer is harmless where all of the facts alleged may be proved under the general denial, which is pleaded. *p. 375.*

From Howard Superior Court; *B. F. Harness*, Judge.

Action by John A. Hardebeck against William H. Kendall. From a judgment for plaintiff, the defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*J. C. Blacklidge*, *C. C. Shirley* and *Conrad Wolf*, for appellant.

*L. J. Kirkpatrick* and *J. F. Morrison*, for appellee.

DOWLING, J.—Action upon an agreement to rescind a sale of a horse, and to repay to the purchaser the sum received for the animal. The complaint was in two paragraphs. A demurrer to each was overruled. Answer in two paragraphs, the first being a general denial. The

plaintiff demurred to the second paragraph of the answer, and his demurrer was sustained. The cause was tried by the court, and there was a finding and judgment for the plaintiff. The defendant appeals. The rulings on the demurrers are assigned for error.

The two paragraphs of the complaint appear to have been drawn without reference to any rule or precedent. Omitting the unnecessary and irrelevant averments with which it was incumbered, the first was as follows: "The plaintiff complains of the defendant and says that on October 24, 1902, the defendant showed the plaintiff a gray horse, and then and there, for the purpose of deceiving the plaintiff and inducing him to buy said horse, represented him to be sound and all right; and the plaintiff, believing the said representations to be true, and relying on the same, purchased said horse, and paid the defendant $85 for him; that said representations were false, and were known by the defendant to be untrue; that said horse was diseased and incurably injured in his right hind leg; that the plaintiff thereupon took the said horse back to the defendant, and demanded that the defendant repay to him the $85 which he had paid for said horse; that the defendant took and accepted said horse, and agreed and promised to pay the plaintiff said sum of $85 by December 13, 1902, but has refused, failed, and neglected to return said money, to the plaintiff's damage," etc. "Wherefore," etc. The pleading shows that the defendant, upon a sufficient consideration, agreed to pay the plaintiff the $85 by December 13, 1902, and that the sum so agreed to be paid is due and unpaid. This was a sufficient statement of a cause of action, and the demurrer to this paragraph was properly overruled.

The second paragraph of the complaint does not differ materially from the first. It concludes thus: "On the 10th day of December, 1902, the plaintiff took said horse * * * back to the defendant, and demanded * * *

that he repay to plaintiff the sum of $85. Whereupon said defendant took and accepted said horse, and has continued to have possession thereof ever since, but * * * has failed and neglected to repay plaintiff said sum of $85. Wherefore," etc. This paragraph, like the first, shows a complete rescission of the contract by the parties, and the return of the property purchased to the defendant. On the delivery of the horse to the defendant and his acceptance of the property, it became his duty to return the price which had been paid to him for it. His acceptance of the animal was an implied admission of the claim of the appellee. The facts stated were sufficient to constitute a cause of action, and the court did not err in overruling the demurrer.

The matters stated in the second paragraph of the answer, so far as they tended to defeat the action, were admissible under the general denial. The ruling on the demurrer to the answer, if erroneous, was harmless.

There is no error in the record. Judgment affirmed.